## TAYLOR v. CARTER.

Court of Appeals of Kentucky.

June 25, 1954.

Petition for Rehearing Withdrawn
Oct. 29, 1954.

Woodward, Hobson & Fulton, L. Lyne Smith, Jr., Louisville, for petitioner.

Nolan Carter, Lexington, Joseph J. Leary, Frankfort, for respondent.

STEWART, Justice.

This original action seeks a writ of mandamus to require the respondent, as special judge of the Grayson Circuit Court, to enter an order specifically allocating costs between the unsuccessful parties in an action pending before him styled A. G. Bradshaw et al. v. J. Sneed Yager et al. The judgment entered by the lower court was modified and affirmed by this Court in an opinion rendered December 11, 1953. Bradshaw v. Yager, Ky., 265 S.W.2d 486. We shall not restate the nature or form of the action since a full statement appears in that opinion.

Upon filing of the mandate, counsel for the plaintiffs, the unsuccessful parties in the lower court and on the appeal, moved the court to enter an order apportioning the costs of that action as follows:

(1) Between the individual plaintiffs and certain parties who signed an agreement that they would share the cost of the litigation, which parties at no time appeared in the action;

(2) Against the city of Leitchfield to the extent of one-half of the cost of the litigation, the city of Leitchfield having intervened in the action as a party plaintiff on January 24, 1952; and

(3) Against all property owners of the city of Leitchfield, whether or not they appeared as party plaintiffs, on the theory that since all property owners were members of the class for which the plaintiffs sued, all the members of the class should share the cost of litigation.

The special judge declined to sign the tendered order on the ground that he had no authority or jurisdiction to enter a binding order with respect to any persons or class of persons not actually parties to that litigation. The original judgment entered below adjudges costs jointly and severally against the individual plaintiffs and the city of Leitchfield.

Counsel for the petitioner emphasize that the present action does not seek to control the discretion of the lower court with respect to how the costs shall be apportioned but insist that the respondent has jurisdiction to apportion costs among those actually appearing as plaintiffs, all members of the class which they represent and the eighty-four property owners who signed a written agreement to pay their proportionate part of the costs.

Although the court has the inherent, as well as the specific, statutory authority to apportion and allocate costs between those who are actually parties to the action, KRS 418.070, we do not think the court has jurisdiction to include in such apportionment any property owners who are not named as plaintiffs, regardless of whether or not they are members of the class, or have executed an agreement to bear their proportionate part of the costs. The enforcement of such an agreement cannot be decreed collaterally in this action.

As we have indicated, the effect of the judgment heretofore entered is to place the city of Leitchfield in the same position as the individual plaintiffs as respects the payment of costs. The court is not required to apportion costs equally between the individual plaintiffs and the city, and it unquestionably has the jurisdiction to decree all or any part of the costs against the city of Leitchfield. However, no costs decreed against the city may be included in assessments against property owners who were not parties to the action.

The matter of such allocation is necessarily addressed to the sound discretion of the respondent, and we have no jurisdiction to suggest or indicate our conclusions as to how the costs should be allocated.

Petitioner's motion for a writ of mandamus is denied.